UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| KENNETH AND ANDREA BUTLER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CV412-244 |
| | ) |
| GMAC MORTGAGE, LLC, | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| RESIDENTIAL FUNDING | ) |
| COMPANY, LLC, and DEUTSCHE | ) |
| BANK TRUST COMPANY AMERICAS | ) |
| *as trustee for RALI Trust 2007-S5,* | ) |
| | ) |
| Defendants.[1] | ) |

## ORDER

On November 19, 2012, plaintiffs filed a "Notice of Voluntary Dismissal Without Prejudice" in this wrongful foreclosure case. (Doc. 7.) But since defendants had answered and filed a motion to dismiss, plaintiffs no longer had the right to dismiss the action unilaterally. (Doc. 8 at 1 (citing Fed. R. Civ. P. 41(a)).) The Court thus ordered them

---

[1] Defendants insist that plaintiff misnamed them in the complaint. (Doc. 3-1 at 1 n.1.) Plaintiffs have not contested the assertion. Hence, defendants' names have been corrected, and all subsequent pleadings shall conform. Additionally, the Clerk is **DIRECTED** to correct the docket accordingly.

to show cause whether they consented to a with-prejudice dismissal. (*Id.*) They do not. Instead, they have asked the Court to permit them to withdraw the notice of voluntary dismissal. (Doc. 9.) That motion is **GRANTED**.

Plaintiffs also want to amend their complaint. (*Id.*) Defendants oppose and insist that the complaint should be dismissed on the merits. (Doc. 10). Yet, they also claim that they were not properly served and have "specifically preserv[ed]" their defense of "insufficiency of process and service of process." (Doc. 3 at 2 (motion to dismiss); doc. 4 at 2 (answer to complaint).) That complicates matters, since "[s]ervice of process is a jurisdictional requirement." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Without jurisdiction, a Court "is powerless to act on the merits." *Rosenhaft v. Citibank, N.A.*, 2012 WL 1080388 at *1 (N.D. Ga. Mar. 29, 2012) (citing Fed. R. Civ. P. 4(m) and 5B WRIGHT & MILLER, FEDERAL PRAC. & PROC. § 1344 (3d ed.) ("Obviously under any concept of 'appearance' a special appearance does not give jurisdiction to adjudicate on the merits.")); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("[p]ersonal jurisdiction, too, is 'an

essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication'" (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). In other words, defendants cannot have it both ways. If they wished to obtain an on-the-merits dismissal, they needed to waive any service errors. Since they did not do so, the Court *must* determine whether it has personal jurisdiction over the defendants.

Plaintiffs filed their complaint on September 25, 2012. (Doc. 1.) They thus had until January 23, 2012 to comply with Rule 4(m). No summonses were issued, however, and nothing in the record suggests that defendants waived service of the complaint and summons under Fed. R. Civ. P. 4(d). Hence, it appears that plaintiffs have not, in fact, perfected service upon defendants within 120 days. The Court, then, must dismiss the action *without* prejudice unless plaintiffs show good cause for the failure to serve defendants. Fed. R. Civ. P. 4(m). Since plaintiffs already hoped to dismiss the action without prejudice, it seems likely that they will not attempt to show good cause. Nevertheless, the Court will permit them 14 days to make such a showing if they wish to

preserve the action and face an on-the-merits adjudication. Should they fail to do so, this case will be dismissed without prejudice.

**SO ORDERED** this 25TH day of April, 2013.

```
                         /s/ M. Smith
                    UNITED STATES MAGISTRATE JUDGE
                    SOUTHERN DISTRICT OF GEORGIA
```